PER CURIAM.—This cause having been submitted to the Court at a former term upon the transcript of the record of the judgment aforesaid and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be and the same is hereby affirmed.

All concur.

---

W. C. BRYCE, *Plaintiff in Error*, v. CEDAR KEY STATE BANK, A CORPORATION, *Defendant in Error*.

Opinion filed May 29, 1919.

A Writ of Error to a Judgment of the Circuit Court within and for the County of Levy; Robert E. Davis, Referee.

Affirmed.

*Hampton & Hampton* and *W. S. Broome*, for Plaintiff in Error;

*L. P. Hardee* and *Odom & Butler*, for Defendant in Error.

PER CURIAM.—This cause having been submitted to the Court at a former term upon the transcript of the record of the judgment aforesaid and argument of counsel for

the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be and the same is hereby affirmed.

All concur.

---

ORA LEE WEST, WILLIAM STANLEY WEST, A MINOR, BY ORA LEE WEST HIS NEXT FRIEND, AND ORA LEE WEST, AND J. G. CRANFORD, AS SOLE SURVIVING EXECUTORS OF THE LAST WILL AND TESTAMENT OF W. S. WEST, DECEASED, *Appellants,* v. J. D. WALLING, L. B. WALLING AND J. R. WALLING, COPARTNERS DOING BUSINESS AS J. D. WALLING & COMPANY, AND FLORIDA NATIONAL LAND COMPANY, A CORPORATION, *Appellees.*

Opinion filed May 29, 1919.

Petition for Rehearing denied July 1, 1919.

Where land is conveyed for purposes of resale in small parcels, and the timber is reserved for milling purposes "during the life of the milling plant now being operated by the" vendor, "but in any event for a period not exceeding twenty-five years," the mere discontinuance of operation and the removal of the stated "milling plant," does not *ipso facto* terminate the timber reservation, when a minor portion only of the twenty-five years limitation has elapsed.